IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND, <br> by its Trustees, Salvatore J. Chilia <br> and D.R. Borden, Jr., <br><br> and <br><br> NATIONAL ELECTRICAL ANNUITY PLAN, <br> by its Trustees, Salvatore J. Chilia <br> and D.R. Borden, Jr., <br><br> v. <br><br> BRIGHT STREET LLC, <br> an Ohio limited liability company | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Civil No. PWG 13-2031 |

**REPORT AND RECOMMENDATION**

This case was referred to me pursuant to 28 U.S.C. § 636(b) and Local Rule 301.6 for review of Plaintiff's Motion for Judgment by Default. ECF No. 8. Defendant was properly served and failed to plead or otherwise respond to the complaint, and the Clerk of the Court entered default against it. ECF Nos. 4, 7. For the following reasons, I recommend that Plaintiff's motion be granted in the amounts requested.

**I.  Background.**

On July 15, 2013, Plaintiffs National Electrical Benefit Fund (NEBF) and National Electrical Annuity Plan (NEAP), by their Trustees, filed a complaint against Defendant, Bright Street LLC, to collect delinquent pension contributions. The complaint alleges that the parties executed collective bargaining agreements under which Defendant agreed to submit contributions to Plaintiffs on behalf of its employees covered by these agreements. ECF No. 1 at 3. Pursuant to those agreements, Defendant is bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for NEBF and for NEAP. That Agreement authorizes the Trustees to recover not only delinquent contributions but also interest at a rate of 10% per annum,

liquidated damages equal to 20% of the delinquency, and all costs and attorneys' fees incurred in collecting the delinquency. *Id.* at 4. Plaintiffs seek judgment under the Employee Retirement Income Security Act of 1974 (ERISA); specifically, Section 1132(g)(2) of Title 29 of the United States Code.

The complaint alleges that Defendant failed to pay either NEBF or NEAP contributions for work performed by Defendant's covered employees since January 2011. It claims that NEBF and NEAP are unable to determine the precise amount owed because Defendant failed to file required payroll reporting forms for work performed after March 2013. *Id.* at 4-6. It seeks, *inter alia*, delinquent contributions in the amount of "at least" $24,154.90, interest in the amount of $6,601.98, liquidated damages in the amount of $9,233.23, audit costs of $946.00, reasonable attorneys' fees and costs on behalf of NEBF, delinquent contributions in the amount of "at least" $109,462.06, interest in the amount of $26,250.43, liquidated damages in the amount of $37,109.66, audit costs of $946.00, and reasonable attorneys' fees and costs on behalf of NEAP. ECF No. 1 at 7-8.

The motion for default judgment, however, seeks specific and slightly smaller amounts: on behalf of NEBF, $23,588.78 in delinquent contributions for the period January 2011 through August 2013, $7,906.03 in interest, $12,154.92 in liquidated damages, and $1,388.60 in fees and costs, for a total of $45,008.52; and on behalf of NEAP, $93,063.76 in delinquent contributions for the period January 2011 through August 2013, $31,343.60 in interest, $47,502.25 in liquidated damages, and $1,388.60 in fees and costs. ECF No. 6 at 2. Unlike the complaint, it does not seek an award for the audit costs. The court is also requested to award "any additional fees and costs incurred in connection with the enforcement of a judgment, and interest (presumably post judgment) on all amounts awarded." *Id.* at 2-3.

## II. Analysis.

### A. Liability.

In determining whether to award default judgment, the court takes as true the well-pleaded factual allegations in the complaint as to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Where the Defendant has not sought to set aside the default as provided by Federal Rule of Civil Procedure 55(c), or suggested in any way that it has a meritorious defense, the standard for default judgment has been satisfied. *Fanning v. Hotel Management Advisors-Troy, LLC,* 282 F.R.D. 280, 283 (D. D.C. 2012).

Plaintiffs have pled facts which establish Defendants' liability under ERISA, and these facts are supplemented by the affidavit of Plaintiffs' Director of Operations, Lisa Trunzo. It is alleged, and Ms. Trunzo affirms, that Defendant executed contracts which obligate it to forward monthly payments and payroll reports to both Plaintiffs for covered employees and binds it to the terms of the Trust Agreements. Copies of those contracts are attached to Ms. Trunzo's affidavit. ECF Nos. 6-3, 6-4. She submits as exhibits copies of the Trust Agreements, ECF Nos. 6-5 and 6-6, which document Plaintiffs' contractual right to recovery under Section 1132(g). Finally, Ms. Trunzo attests that Defendant, despite demands, has failed to submit all of the contributions it reported as due to both Plaintiffs. ECF No. 6-2 at 3. In sum, the complaint, affidavit, and exhibits establish liability and a default judgment should be entered in favor of both Plaintiffs under Section 1132(g).

### B. Damages.

If the court finds that liability is established, it should then determine appropriate damages. *Agora Financial, Inc. v. Samler,* 725 F. Supp. 2d 491, 494 (D. Md. 2010) *quoting Ryan v. Homecoming Financial Network*, 253 F. 3d 778, 780-81 (4th Cir. 2001). The court must make an independent determination of damages. *Id.* Where, as here, Plaintiffs have submitted with their motion for default judgment affidavits and documentary evidence which are sufficient

to establish the amount that should be awarded, no hearing is necessary. Fed. Rule Civ. P. 55 (b)(2); *General Ins. Co. v. O'Keefe*, 275 F. Supp. 107, 109 (D. Md. 1967). In particular, when ruling on a motion for default judgment in an ERISA contributions case, "the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Fanning v. Hotel Management Advisors-Troy LLC*, 282 F.R.D. 280, 283 (D. D.C. 2012), *quoting Adkins v. Teseo,* 180 F. Supp.2d 15, 17 (D.D.C.2001); *see also United Artists Corp. v. Freeman,* 605 F.2d 854, 857 (5th Cir.1979). Indeed, unpaid contributions, interest, and liquidated damages can be considered "sums certain" pursuant to the statutory calculations and the parties' agreements. *Combs v. Coal & Mineral Mgmt. Servs., Inc.,* 105 F.R.D. 472, 474 (D.D.C.1984).

As noted, Ms. Trunzo attests that Defendant reported but failed to pay $23,558.78 in contributions due to NEBF, and reported but failed to pay $93,063.76 in contributions due to NEAP. She further attests that Defendant has not denied that these amounts are outstanding, ECF No. 6-2 at 3, and, as previously noted, Defendant was served with the Complaint and did not respond. Accordingly, the court should accept Ms. Trunzo's statements and exhibits, and award damages in the amounts claimed. As to NEBF, the total contributions, interest through October 31, 2013, and liquidated damages are $43,619.73. ECF No. 6-7. As to NEAP, the total contributions, interest through October 31, 2013, and liquidated damages are $171,909.61. ECF No. 6-8.

Ms. Trunzo also attests that Plaintiffs incurred attorneys' fees and costs in connection with this action. ECF No. 6-2 at 3. Counsel of record for Plaintiffs, Jennifer Bush Hawkins, separately attests to the legal work she performed in connection with this case and the fees and costs incurred by Plaintiffs. Because she has been a licensed attorney for 19 years, ECF No. 6-1 at 2, her hourly rate, $348, is within the range of rates deemed acceptable by this court when

4

awarding attorney's fees, Appendix B, Local Rules (D. Md.), and should be awarded. Ms. Hawkins attests that she spent a total of 1.2 hours on pleadings and 5.2 hours on motions, and that costs included a filing fee of $400 and $150 for service of process.[1] I find that the hours expended and the costs incurred are reasonable and necessary for the prosecution of this case.

Because Plaintiffs filed this complaint jointly, Ms. Hawkins has divided the fees and costs equally between them. I find that such division is reasonable and that each Plaintiff is accordingly entitled to an award of $1,388.60 in fees and costs.

Plaintiffs also request an additional award for anticipated fees and costs incurred in connection with enforcing the judgment they request. However, these expenses are by definition not subject to determination at this time and accordingly cannot be awarded at this time.

### III. Conclusion.

For the reasons set forth above, the court should:

(A) Grant Plaintiffs' motion for judgment by default;

(B) Award Plaintiff NEBF statutory damages in the amount of $23,558.78, interest in the amount of $7,906.03, liquidated damages in the amount of $12,154.92, and fees and costs in the amount of $1,388.60, for a total of $45,008.33.

(C) Award Plaintiff NEAP statutory damages in the amount of $93,063.76, interest in the amount of $31,343.60, liquidated damages in the amount of $47,502.25, and fees and costs in the amount of $1,388.60, for a total of $173,298.21.

Date: January 29, 2014 /S/
JILLYN K. SCHULZE
United States Magistrate Judge

---

[1] This expense is supported by an attached invoice. ECF No. 6-1 at 5.